# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DENNIS BRITTENHAM,

        Plaintiff,         Case Number: 2:09-CV-14025

v.         HON. LAWRENCE P. ZATKOFF

DR. DINSA,

        Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Dennis Brittenham is incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2).[1] because he fails to state a claim upon which relief may be granted.

## I.

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to dismissal.

## II.

### A.

Plaintiff's claims arise out of his complaint regarding medication prescribed to him by defendant Dr. Dinsa. The basis of Plaintiff's complaint is stated in a single sentence: "On 9-17-09 Dr. Dinsa order[ed] medication and it interacts with my medication, it is rimrod and dielatin." Complaint at 3.

### B.

Petitioner does not specifically identify the legal theory under which he seeks relief. Based upon the nature of his claim, the Court concludes that he is asserting a violation of the Eighth Amendment. The Eighth Amendment bans cruel and unusual punishment which involves the unnecessary and wanton infliction of pain. *Hudson v. McMillan*, 503 U.S. 1, 5 (1992); *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995). It is well-established that deliberate indifference to serious medical needs constitutes the unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To sustain an Eighth Amendment claim of deliberate

indifference to medical needs, a prisoner must satisfy a two-prong test. First, he must demonstrate that the medical needs were serious and required attention that adhered to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Then, he must establish that defendants were deliberately indifferent to those needs. *Id.* Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In other words, this prong is satisfied when a prison official acts with criminal recklessness, *i.e.*, when he or she "consciously disregard[s] a substantial risk of serious harm." *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994) (*citing Farmer*, 114 U.S. at 839-40).

Plaintiff's one-sentence statement of facts is vague and fails to allege any conduct which could be construed as demonstrating a deliberate indifferent to Plaintiff's medical needs. To the extent that the medication prescribed did interact negatively with other medications taken by Plaintiff, this does not rise to the level of an Eighth Amendment violation. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 105. Plaintiff does not allege that Dr. Dinsa "consciously disregard[ed] a substantial risk of serious harm." *Brooks,* 39 F.3d at128. He simply disagrees with the treatment provided. A difference of opinion between a prisoner and medical staff regarding diagnosis and prescribed treatment does not support an Eighth Amendment claim. *Hix v. Tennessee Dept. of Corrections,* No. 05-5814, 196 F. App'x 350, 356 (6th Cir. Aug. 22, 2006). Accordingly, Plaintiff fails to state a claim upon which relief may be granted.

## III.

The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e), for failure to state a claim upon which relief may be granted.

**SO ORDERED**.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: February 23, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 23, 2010.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

4